UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARTINEZ RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>JERRY BROWN, et al.,<br><br>Defendants. | No. 2:18-cv-1835 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights claim pursuant to 42 U.S.C. §1983. Plaintiff claims defendants violated his rights by filing false disciplinary reports against him, harassing him, and failing to provide him with adequate mental health care. By separate order the court screened the complaint, found it failed to state a claim, and granted plaintiff leave to amend. Presently before the court are plaintiff's motions for injunctive relief (ECF Nos. 7, 8) and his motion to amend the complaint and appoint counsel (ECF No. 10).

**MOTION TO AMEND**

Plaintiff filed a motion to amend (ECF No. 10) requesting to add sixteen defendants to the case. The court previously screened the complaint, found it failed to state a cognizable claim, and granted plaintiff leave to amend. Because the court previously granted plaintiff leave to amend the complaint his request to amend the complaint will be denied as moot.

////

1

**MOTION TO APPOINT COUNSEL**

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. (ECF No. 10.) Plaintiff argues the court should appoint counsel because he cannot afford counsel and suffers from mental illness.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Plaintiff has not yet stated a cognizable claim; therefore, the court cannot make a determination regarding plaintiff's likelihood of success on the merits. Accordingly, the motion to appoint counsel will be denied at this time.

**MOTIONS FOR INJUNCTIVE RELIEF**

Plaintiff filed two motions requesting injunctive relief. (ECF Nos. 7, 8.) In both motions plaintiff seeks an order from the court to prevent his transfer from California State Prison, Sacramento ("CSP-SAC") to California State Prison, Corcoran ("CSP-COR"). Plaintiff claims prison staff have ordered his transfer to prevent him from fully exhausting grievances against staff at CSP-SAC.

**I.    Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of the equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose for preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright  Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

3

which he is not designated as a party . . . .").[1]  The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners.  See Turner v. Safley, 482 U.S. 78 (1987).

**II.     Analysis**

To the extent plaintiff's request to remain at CSP-SAC in order to exhaust administrative grievances related to this action, exhausting administrative remedies while his suit is pending will not satisfy the exhaustion requirement.  Under the Prison Litigation Reform Act ("PLRA") inmates must exhaust administrative remedies before filing suit.  42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium) ("[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhaust his administrative remedies while his case is pending.").

At the pleading stage, the court cannot determine questions merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated.  Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008).  Plaintiff has yet to state a cognizable claim, therefore the court cannot presently make a decision regarding the likelihood of success on the merits.  Accordingly, the court will recommend plaintiff's motions for injunctive relief be denied.

IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a district judge to this case;
2. Plaintiff's motion to amend (ECF No. 10) is denied as moot; and
3. Plaintiff's motion to appoint counsel (ECF No. 10) is denied.

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

IT IS HEREBY RECOMMENDED that plaintiff's motions for preliminary injunctions (ECF Nos. 7, 8) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoer.Civil.Rights/rami1835.31