UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARTINEZ RAMIREZ, | No. 2:18-cv-1835 DB P |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights by filing false disciplinary reports, harassing him, and failing to provide him with adequate mental health care. By order dated October 15, 2018, the court screened plaintiff's complaint, found he failed to state a cognizable claim, and directed him to file an amended complaint. (ECF No. 11.) Plaintiff has now moved for an extension of time and requested the court appoint counsel. (ECF Nos. 16, 17.)

Plaintiff claims the court should appoint counsel because he has documented mental health issues that qualify as a disability under the Americans with Disabilities Act. He states he has a serious mental disorder for which he has taken medication for and has been under professional care since 1984. (ECF No. 16.) He claims that due to his mental health issues he needs either an extension of time or the assistance of counsel. (ECF No. 17.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court does not find that plaintiff has established the existence of the required exceptional circumstances to appoint counsel at this time. At this point the court cannot make a determination on the likelihood of plaintiff's success on the merits. Additionally, plaintiff's request for an extension of time shows he understood the court's order to file an amended complaint within a specified period of time, indicating he is capable of articulating his claims without assistance. The court will deny the motion to appoint counsel without prejudice. However, the court will grant plaintiff the requested extension of time to file an amended complaint pursuant to the court's order of October 16, 2018.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of counsel (ECF Nos. 16 and 17) are denied;

2 Plaintiff's motions for an extension of time (ECF Nos. 16 and 17) are granted; and

3. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint.

Dated: November 13, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/rami1835.31+36