UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARTINEZ RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>JERRY BROWN, et al.,<br><br>Defendants. | No. 2:18-cv-1835 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights claim pursuant to 42 U.S.C. §1983. Plaintiff claims defendants violated his rights by filing false disciplinary reports against him, harassing him, and failing to provide him with adequate mental health care. Presently before the court are several motions filed by plaintiff requesting the court issue an order prohibiting prison officials from transferring him and requesting the appointment of counsel or "a very lengthy continuance." (ECF Nos. 22, 23, 24.)

**MOTION TO APPOINT COUNSEL**

Plaintiff has again requested the appointment of counsel. He argues the court should appoint counsel because he suffers from mental illness, he is currently in a prison program that limits his movement, and he has difficulty navigating the legal system. (ECF Nos. 23, 24.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's difficulties in navigating the legal system and restrictive housing placement are circumstances common to most inmates and do not warrant the appointment of counsel. Further, plaintiff has not yet stated a cognizable claim; therefore, the court cannot make a determination regarding plaintiff's likelihood of success on the merits. Accordingly, the motion to appoint counsel will be denied at this time.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff has requested the court grant an injunction preventing prison officials from transferring him from prison to prison. (ECF No. 24.)

**I.     Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits

of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose for preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1] The Supreme Court has cautioned the federal courts not to interfere with day-to-day operations of the prisons, especially those decisions related

////

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. See Turner v. Safley, 482 U.S. 78 (1987).

**II.  Analysis**

Plaintiff is not entitled to dictate where he is housed or whether he is transferred. It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Further, decisions regarding "where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002) (citing Meachum, 427 U.S. at 225).

Additionally, plaintiff's request is not related to his underlying claims in this action that defendants have retaliated against him by filing false disciplinary reports and failed to provide him with adequate medical treatment. Therefore, it is improper for the court to grant plaintiff's motion for injunctive relief related to his desire to remain at a particular institution. See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself.").

Further, at the pleading stage, the court cannot determine questions merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). Plaintiff has yet to state a cognizable claim, therefore the court cannot presently make a decision regarding the likelihood of success on the merits. Accordingly, the court will recommend plaintiff's request for injunctive relief be denied.

**REQUEST FOR STAY**

In both of plaintiff's most recent filings plaintiff asks that if the court does not appoint counsel that it instead grant him "a very lengthy continuance." (ECF Nos. 23, 24.) The court will construe plaintiff's request for a lengthy continuance as a request for a stay. The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). Plaintiff must show that a stay is necessary. Clinton v. Jones, 520 U.S. 681, 706 (1997) ("[T]he proponent of the stay bears the burden of establishing its need.").

Plaintiff cites no legal authority for his argument that the court should grant a very lengthy continuance or a stay. The court is sympathetic to the difficulties faced by inmates in litigating their cases while incarcerated. However, plaintiff has not met his burden of showing that a stay is necessary at this time. Accordingly, the court will recommend that his request for a stay be denied. Should plaintiff require additional time to comply with court orders he may request an extension of time stating the amount of time needed and explaining the reason he needs additional time.

**AMEDED COMPLAINT**

By order dated December 28, 2018, plaintiff was ordered to file an amended complaint that complies with the court's screening order dated October 16, 2018. (ECF No. 20.) Plaintiff has failed to file an amended complaint, but has instead filed several documents notifying the court of his complaints about correctional officers, requesting counsel or alternatively a continuance. (See ECF Nos. 22, 23, 24.) Plaintiff states that he could not comply with the court's order to file an amended complaint because he was transferred and placed in a facility with a higher security level.

The court will grant plaintiff one final opportunity to file an amended complaint. Plaintiff is warned that failure to file an amended complaint that complies with the court's screening order (ECF No. 11) will result in a recommendation that this action be dismissed.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF Nos. 23, 24) is denied;
2. Plaintiff shall file an amended complaint within twenty-one days of the date of service

5

of this order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with a court order; and

3. The Clerk of the Court is directed to provide plaintiff with a copy of the screening order dated October 15, 2016 (ECF No. 11).

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for a preliminary injunction (ECF No. 24) be denied; and

2. Plaintiff's request for a stay (ECF No. 23) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoer.Civil.Rights/rami1835.var

6