UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARTINEZ RAMIREZ, | No. 2:18-cv-1835 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's second amended complaint (ECF No. 38) for screening. For the reasons set forth below the court will dismiss the complaint and grant plaintiff one final opportunity to amend.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Second Amended Complaint**

Plaintiff has identified as defendants in this action: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Secretary Ralph Diaz; (3) "Federal Monitor" J. Clark Kelso. (ECF No. 38 at 1.) Plaintiff also directed the court to a separate page of the complaint where he identified forty-two additional defendants. (Id. at 11.)

Plaintiff states he is bringing claims under § 1983, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. (ECF No. 38 at 1.) He also states the alleged rights violations occurred at several different CDCR institutions. (Id.)

Plaintiff generally alleges that on several separate occasions and at several different CDCR institutions, officers used excessive force against him, denied him medical treatment, and filed false reports regarding these incidents.

**III.    Failure to State a Claim**

   **A. Insufficient Factual Allegations**

As in the two prior complaints, plaintiff has failed to state sufficient facts to state a claim. While the instant complaint links some specific individual officers to some of the alleged violations, the allegations are too conclusory to satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff has stated that on several occasions specific officers used excessive force against him. However, in order to state a claim, a complaint must contain more than a conclusory allegation that defendants violated his rights.

For claims arising out of the use of excessive physical force, the issue is "'whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

3

sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curium) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Here, plaintiff has indicated that officers used force, but the complaint does not contain any facts that would indicate whether the use of force was applied to restore discipline or to cause harm.

**B. Supervisory Defendants**

Plaintiff has again named a number of defendants who hold supervisory positions within CDCR. As the court has previously informed plaintiff, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations or knew of the violations and failed to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged any of the supervisory defendants knew of the alleged rights violations before they occurred and failed to act to prevent them. Plaintiff also has not alleged that these defendants participated in or directed any of the alleged violations. In order to state a claim against these defendants, plaintiff must state facts indicating the defendant either: personally participated in the alleged deprivation of constitutional rights and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not sufficient to merely state that defendants are generally responsible for the welfare of inmates and conclude that the defendant is liable for the actions of subordinates. See Cooper v. Brown, No. 15-cv-0908 DAD GSA P, 2016 WL 2756624

////

4

at *4 (E.D. Cal. May 12, 2016) (Conclusory, speculative allegations were not sufficient to state a claim against defendants in supervisory positions).

### C. Federal Rule of Civil Procedure 18(a)

Plaintiff may not bring unrelated claims against related parties in a single action. Fed. R. Civ. P. 18(a); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). Multiple claims against a single party may be alleged in a single complaint. However, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The fact that several of plaintiff's claims are based on alleged violations of plaintiff's Eighth Amendment rights does not necessarily make claims related for purposes of Rule 18(a). Id. at 1351.

The court is unable to discern any common questions of law or fact between plaintiff's claims. Additionally, trying to proceed with these disparate claims in a single case would be practically difficult, if not impossible. Plaintiff will be afforded an opportunity to file an amended complaint which asserts only claims arising from common events and containing common questions of law or fact. See George, 507 F.3d at 607 (holding that "[u]nrelated claims against different defendants belong in different suits."). Alternatively, plaintiff may select a single defendant and bring as many claims as he has against that party. See Fed. R. Civ. P. 18(a).

////

# AMENDING THE COMPLAINT

As set out above, the complaint fails to state a cognizable claim. However, plaintiff will be given one final opportunity to amend the complaint.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must also allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the actions that defendant took that violated his constitutional rights. The court is not required to view exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set

forth in short and plain terms, simply, concisely, and directly. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 38) is dismissed for failure to state a claim;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 20, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/rami1835.scrn(3)

7