UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MARTINEZ RAMIREZ, | No. 2:18-cv-1835 MCE DB P |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's motion for recusal. (ECF No. 42.) For the reasons set forth below the court will deny the motion.

**I.      Motion for Recusal**

Plaintiff states that since June 27, 2018, the undersigned has denied his requests for the appointment of counsel and motions for injunctive relief. (ECF No. 42.) He further claims he has been directed to amend the complaint, even though it is obvious he has a legitimate claim. Plaintiff moves for recusal or in the alternative he requests that the court give him a hearing in front of the district court. Plaintiff also requests that the case file in this action be sent to the Ninth Circuit Court of Appeals for review by May 28, 2019.

**II.     Legal Standards**

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or

1

prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see also Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds in Simmons v. Himmelreich, 136 S. Ct. 1843 (2016). Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. United States v. Axhocar, 581 F.2d 735, 738 (9th Cir. 1978).

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained in the course of the proceedings. Pesnell, 543 F.3d at 1043-44 (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 1044 (quoting Liteky, 510 U.S. at 555). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Liteky, 510 U.S. at 555. Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.; Pesnell, 543 F.3d at 1044. "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555-56).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Johnson, 610 F.3d 1138, 1147 (quotation marks and citation omitted). "Adverse findings do not equate bias." Id. at 1148.

////

### III. Analysis

The only argument plaintiff has made in support of his motion for recusal, is that he has been directed to amend the complaint and the undersigned has denied his motions for injunctive relief and the appointment of counsel. However, plaintiff's disagreement with prior orders is not a basis for recusal. See Johnson, 610 F.3d at 1148. Plaintiff has not alleged any facts that would indicate a deep-seated, or any, favoritism on the part of the undersigned such as to make fair judgment impossible. Thus, plaintiff has not stated any allegations that would present a basis for recusal.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for recusal (ECF No. 42) is denied.

Dated: May 28, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/rami1835.recuse