1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    FRANK MARTINEZ RAMIREZ,                    No.  2:18-cv-1835 MCE DB P

11                    Plaintiff,

12          v.                                   FINDINGS AND RECOMMENDATIONS

13    JERRY BROWN, et al.,

14                    Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

17    action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his rights when officers

18    used excessive force, filed false disciplinary reports against him, and failed to provide him with

19    adequate medical and mental health treatment.  Presently before the court is plaintiff's third

20    amended complaint for screening.  For the reasons set forth below, the court will recommend that

21    the complaint be dismissed without leave to amend.

22                                  **SCREENING**

23    **I.      Legal Standards**

24          The court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28    ////

                                          1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13      However, in order to survive dismissal for failure to state a claim a complaint must

14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20      The Civil Rights Act under which this action was filed provides as follows:

21      Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
22      of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
23      or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

27  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

28  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Allegations in the Fourth Amended Complaint

Plaintiff states the events giving rise to the claim occurred at California State Prison, Corcoran ("CSP-COR"), California State Prison, Sacramento ("CSP-SAC"), and California Correctional Institution ("CCI"). (ECF No. 54 at 1.) Plaintiff names as defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Secretary Ralph Diaz; (3) "Federal Monitor" J. Clark Kelso; and (4) the "Warden's Association." (Id. at 1-2.)

Plaintiff claims there have been "numerous incidents of employee unnecessary excessive force, willful code of conduct of silent green wall tactics directed primarily at plaintiff . . . ." (Id. at 3.) Plaintiff appears to allege CDCR employees have falsified documents and denied or prevented him from receiving medical care. Plaintiff states defendants were the legal officials in charge of his imprisonment and therefore are responsible for his health and welfare at all times. (Id. at 4.) Plaintiff claims he has notified the defendants about the abusive behaviors of their employees, but they refused to respond.

Finally, plaintiff again claims that all of his grievances are rejected, cancelled for frivolous reasons, or thrown away. (Id. at 5.) In relief, plaintiff has requested "1-trillion in total damages" and that he be placed in "protective federal custody." (Id. at 6.)

////

////

3

**III.    Failure to State a Claim**

**A.  Supervisory Defendants**

As in prior complaints, plaintiff has named as defendants in this action only individuals who hold supervisory positions within CDCR.  Plaintiff concludes that these defendants should be liable because they are responsible for the welfare of inmates within CDCR.

Plaintiff was previously informed that liability may not be imposed on supervisory personnel for the action or omissions of their subordinates under the theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Further, plaintiff was also advised that conclusory allegations were insufficient to state a claim against supervisory defendants. (ECF No. 41 at 4-5.)  Accordingly, plaintiff's allegations are insufficient to state a claim as to any of the supervisory defendants.

**B.  Administrative Grievance**

Plaintiff was previously told that he could not state a claim simply based on allegations that his grievances were not resolved in his favor or in any specific way.  (ECF No. 11 at 6.) However, plaintiff has again stated generically that prison officials cancel, reject, or deny his grievances.  (ECF No. 54 at 5.)  Such allegations alone are insufficient to show that plaintiff is entitled to relief because inmates do not have stand-alone rights related to the administrative grievance process.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

**C.  Insufficient Factual Allegations**

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

4

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

As plaintiff was previously advised (ECF No. 11 at 7; ECF No. 41 at 3-4), vague and conclusory allegations are insufficient to state a claim. Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982). Plaintiff was instructed that in any amended complaint he must state specific facts showing how each named defendant was involved in the alleged rights violations. The third amended complaint does not contain any facts connecting a single named defendant to any of the alleged constitutional violations. Accordingly, the complaint fails to state a cognizable claim for relief against any defendant.

**IV.     No Leave to Amend**

The court will recommend that the fourth amended complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations omitted).

5

1    Plaintiff was previously advised that he could not state a claim based on the way his grievances

2    were handled.  (ECF No. 11 at 6.)  Plaintiff was also instructed that he could not state a claim

3    against supervisory defendants without alleging facts showing that they were involved in some

4    way with the violation of his rights.  (ECF No. 41 at 4.)  Plaintiff has again failed to correct the

5    identified deficiencies and the court is convinced that further attempts to amend would be futile.

6    Accordingly, the court will recommend that the complaint be dismissed without leave to amend.

### CONCLUSION

8         For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's third

9    amended complaint (ECF No. 54) be dismissed without leave to amend.

10        These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

12   after being served with these findings and recommendations, plaintiff may file written objections

13   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

14   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

15   objections within the specified time may waive the right to appeal the District Court's Order.

16   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   Dated:  November 12, 2019

19                                                      _____
                                                        DEBORAH BARNES
20                                                      UNITED STATES MAGISTRATE JUDGE

24   DB:12
     DB:1/Orders/Prisoner/Civil.Rights/rami1835.scrn.dism

6